UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VICTORIA LEIGH HAINES-WILSON,
Plaintiff,

v.

CAMP PENDLETON DEERS and I.D. (Mainside), et al.,
Defendants.

Case No.: 3:26-cv-03253-CAB-DEB

**ORDER:**

**(1) GRANTING MOTION TO PROCEED IFP, [Doc. No. 2]; and**

**(2) DISMISSING COMPLAINT.**

Before the Court is Plaintiff Victoria Leigh Haines-Wilson's motion for leave to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] Plaintiff filed her IFP motion in connection with a complaint against "Camp Pendleton DEERS and I.D. (Mainside)," "NAVY DEERS I.D. Center (Corporate Office)," "F.B.I. (San Diego Field Office)," and "VA Resource Center" (together, "Defendants"). [Doc. No. 1 ("Complaint" or "Compl.") at 2 .] The Complaint cites U.S.C. Title 10 and 18 U.S.C. §§ 1030, 2511, 2512, 2701, as well as the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

[Complaint at 3.] For the reasons discussed below, the Court **GRANTS** the motion to proceed IFP and **DISMISSES** the Complaint without prejudice.

## I. REQUEST TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1229 (9th Cir. 2015).

Plaintiff has provided the Court with a sufficiently detailed application as required by § 1915(a). [Doc. No. 2.] Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the Court **GRANTS** Plaintiff's IFP motion under 28 U.S.C. § 1915(a) and proceeds to screen the Complaint.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The Court still must screen the Complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id.* The Court considers Plaintiff's position as a pro se litigant at the pleading stage and construes the Complaint liberally. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

Rule 8(a)(2) of the Federal Rules of Civil Procedure further establishes that a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" However, "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). Accordingly, courts retain discretion to reject or dismiss shotgun pleadings, including those which fail to satisfy Rule 8(a)(2). *Id.* at 1289–90. The recognized categories of shotgun pleading include a defective complaint which: (1) merely adopts and incorporates the allegations of all preceding counts; (2) relies on vague or conclusory facts not obviously connected to a cause of action; (3) fails to differentiate claims into separate counts; or (4) asserts multiple claims against multiple defendants without specifying which defendant each claim is brought against. *Id.* at 1288.

Plaintiff has failed to state a claim under FRCP Rule 12(b)(6) and FRCP Rule 8(a)(2). It appears that Plaintiff brings this lawsuit to recoup benefits that Defendants allegedly owe her. [Compl. at 4; Doc. No. 1-1.] Although Plaintiff cites U.S.C. Title 10, 18 U.S.C. §§ 1030, 2511, 2512, 2701, as well as the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as support for her claims, the Complaint does not intelligibly assert any claims, the particularized facts giving rise to those claims, or the Defendants against whom each claim is lodged. As such, the Court cannot

meaningfully assess Plaintiff's Complaint and **DISMISSES** the Complaint as a shotgun pleading. *See Gibson,* 165 F.4th at 1288. The Court encourages Plaintiff to connect her claims against each Defendant with particularized facts.

## III. CONCLUSION

Accordingly, Plaintiff's motion to proceed IFP is **GRANTED** and her Complaint is **DISMISSED** with leave to amend. Plaintiff may file an amended complaint by **September 28, 2026**. Failure to file an amended complaint by September 28, 2026 will result in dismissal of the case. If Plaintiff files an amended complaint, it must be complete by itself and must not refer in any manner to the initial Complaint.

It is **SO ORDERED**.

Dated: August 28, 2026

Hon. Cathy Ann Bencivengo
United States District Judge