UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA LEIGH HAINES-WILSON, Plaintiff,<br>v.<br>CAMP PENDLETON DEERS and I.D. (Mainside), et al., Defendants. | Case No.: 3:26-cv-03253-CAB-DEB<br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

Plaintiff Victoria Leigh Haines-Wilson ("Plaintiff") is proceeding *pro se* with an action pursuant to U.S.C. Title 10 and the Fifth Amendment. On August 28, 2026, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), dismissed the original complaint for failure to state a claim, and granted her leave to file an amended complaint. [Doc. No. 5.] On September 23, 2026, Plaintiff filed a First Amended Complaint ("FAC") against "Camp Pendleton DEERS and I.D. Office Center," "NAVY DEERS I.D. Center," "F.B.I. (San Diego Field Office Federal Agents)," and "VA Resource Center Escondido." [Doc. No. 6 ("FAC").] For the reasons discussed below, the Court **DISMISSES** Plaintiff's FAC without leave to amend.

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

As with her original complaint, the Court must screen Plaintiff's FAC and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court considers Plaintiff's position as a pro se litigant at the pleading stage and construes the FAC liberally. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

The Court previously dismissed Plaintiff's claims under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). [Doc. No. 5 ("August 28, 2026 Order").] Plaintiff's FAC merely realleges the same conclusory facts and claims this Court found insufficient in the August 28, 2026 Order. [*See* FAC at 4.] Plaintiff once again fails to state a claim for relief and has made no attempt to comply with the Court's prior instructions. [*See* August 28, 2026 Order at 3–4.]

///
///
///
///
///
///
///
///
///
///
///

## II. CONCLUSION

Accordingly, because Plaintiff has demonstrated an inability to amend her complaint to state a claim upon which relief may be granted, the FAC is **DISMISSED** without leave to amend. *See Lopez*, 203 F.3d at 1126–27; *see Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (a district court may dismiss a pro se complaint without leave to amend where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."); *see also Schmier v. U.S. Ct. of Appeals for Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: November 16, 2026

Hon. Cathy Ann Bencivengo
United States District Judge